# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50273 | **DATE** | 6/25/2004 |
| **CASE TITLE** | VALENTE vs. DONAHUE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth on the reverse memorandum opinion and order, this appeal is dismissed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | 6-28-04 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| ✓ | Mail AO 450 form. | | |
| ✓ | Copy to judge/magistrate judge. | | 6-25-04 date mailed notice |
| | lc | courtroom deputy's initials | 2004 JUN 25 PM | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 3

# MEMORANDUM OPINION AND ORDER

Appellants have filed 10 separate appeals from bankruptcy court orders in this court within a six day period (04 C 50263, 04 C 50264, 04 C 50268, 04 C 50269, 04 C 50271, 04 C 50272, 04 C 50273, 04 C 50274, 04 C 50278, 04 C 50279). Each of these appeals is from an interlocutory order and leave to appeal has not been granted or sought. 28 U.S.C. § 158 (a) (3). Appellants have apparently decided to appeal the denial of every motion they file in bankruptcy court and each of these motions appears on its face to be frivolous. The court accordingly treats the notices of appeal as motions for leave to appeal and denies leave to appeal in each of these cases. These cases are dismissed. Appellants previously filed four other appeals from orders of the bankruptcy court within the last nine months. These appeals were all meritless. Appellants' appeals have been filed in forma pauperis. An appeal may not be taken in forma pauperis if the bankruptcy court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (3). The bankruptcy court should review any future in forma pauperis filing to determine if it is in good faith.

These frivolous filings must stop. See Support Systems Int'l, Inc. v. Mack, 45 F.3d 185, 186 (7th Cir. 1995). Every filing requires expenditure of some portion of the judicial systems resources and the court is charged with the responsibility of insuring the resources are allocated in the best interest of justice. Montgomery v. Davis, 362 F.3d 956, 957 (7th Cir. 2004). Appellants are advised that further frivolous filings will likely lead to a filing ban as imposed in Mack and Montgomery.